Judge Buckner,
delivered the opinion of the court.
On the 14th of January, 1817, Cornelius Bice purchased of Jacob Yoder, three thousand acres of land, at the price of twenty live ceñís per acre, and then executed to secure the payment, accord • ing to contract, seven notes; the first six being fot *425 $107, each, and the last for $¡108, payable 'annually, with interest on each note, at the rate of three per centum, per annum, from the date afo'resaid, till paid. Yoder at the same time executed to him a deed of conveyance for the land, with warranty to return twenty five cents per acre, for so much of it, as might be taken, by a paramount claim, and delivered to him the possession.
Véndée’-of ieoriVéd r]eej ^th warranty and. been let mto i^stjbrany injury which be may sus«on under an. interfering patent,-seek com-mm law, un]essi a fraud the title°has been practised upon hjm-
On the 20th of February, 18 L8, Bice finding it inconvenient to make payment on the first note, proposed to Yoder, to execute one note for .91175, payable on the first of January, 1823, in lieu of the seven notes, to which he consented. A note for that amount, payable at the time named, was accordingly .executed, and the seven notes cancelled.
Yoder having subsequently recovered judgment on the note for $1175, Bice tiled his bill in chancery, charging, that the latter contract was usurious.
He also alleges, that the land conveyed to him, was -covered in part, by patents, adverse to and of dates anterior to that, under which Voder had claimed, and prays for an injunction against a part of the judgment, which was granted, for the sum of §458, on the 24th "of August, 1821; but was subsequently discharged, -except $305, with interest thereon,-from 1st of Janury, 1823.
Yoder answered, denying the interference alleged to exist between the claim which he sold, and other patents, which need not however be noticed; as such an allegation, if true, forms no ground claiming the in-■lerposition of the chancellor. He is not charged with having made any fraudulent representation of the nature of his claim to Bice at the t ime of the contract, nor at any other time; nor does Bice himself say, that he labored under any misapprehension concerning it.' As he received a deed with warranty and was let mto possession, no fraud as to title having been practised, for-any injury which he may sustain, by 'eviction under an interfering patent, his remedy must he sought in a court of common law; Miller vs. Long, III Marsh. 331. He does not deny the contracts as charged in the bill, bu t insists, that the second was a modification of the first, which does not amount to usury.
*426 At the February term, 1828, of the circuit court, ie which the bill was depending, the plaintiffs in error, as ■administrators of Bice’s estate, presented to the court a bill of revivor, alleging his death, the granting of letters of administration on his estate to them, and praying that the suit might be revived, in jtheir names..-
The defendant objecting to the proposed revival, flic court foot time to consider the motion; but it does not appear from the record, to have been subsequently noticed. At the February term, 1829, the cause was submitted for a final decree, which was entered, dissolving the injunction, and dismissing the bill with costs; to reverse which, this writ of error is prosecuted.
By the assignment of errors, it is insisted, that the cause was prematurely and irregularly heard; and that the decree is erroneous on the merits of the case.
It- does not appear, from the record, that any proof of Bice’s death was produced; nor that the bill of revivor was ordered to be filed, although it seems to have been endorsed as filed on the day the motion was made; but the notice taken on the record of the motion by the plaintiffs in error, to revive the suit in their ■names, as his administrators, and the reference there ■madero the bill presented, must be considered as such a suggestion of his death, as to render it irregular and improper to proceed to a final decree, without having disposed of the motion. We presume, that there can be but little, if any doubt, that Bice was at that time dead, and that the plaintiffs in error, had taken out letters of administration on his estate. The omission, to dispose of the motion, was probably, a mere oversight on die part of the court and the counsel engaged.
But independently of this objection, we are of opinion, that the contract of the 2'Jth of February, 1818,. was usurious; and that the decree was consequently erroneous.
There was no new sale of the land by Yoder to. Bice, as has been insisted, for the purpose of obviating ¡bis objection; and could not be, because it had been already sold and conveyed. It: was a contract, binding Bice to pay illegal interest, in consideration of forbear *427 anee on the pari of his creditor. For the amount of 'the usury, the injunction should have been perpetuated.
What that' amount is, and upon what principles the calculation should'be made-to ascertain it, is a question of some perplexity. It-has been insisted, that it would be correctly ascertained by subtracting $75;), with the-interest thereon-, at the rate of three per centum per annum, from the 11th of January, 1817, until the 1st of January, 1823, from $1175. But, by that mode of cab culaiion, Yoder will be allowed three per centum, per annum only, upon money for several years, a great por - tion of which, he was, according to the term-' of the. original contract, to have received previous to the 1st of January, 1823. Bice was bound, as an honest, man, to comply with his contract of 1817, by paying each note, punctually, as it became due. if, therefore, the contract of 1818, had not been made, and Bice had been punctual in his payments, the use of the money when received, would have been worth to Yoder, its legal interest. If, by the latter contract, Bice had bound himself to pay legal interest on the principal of the notes, from the times at which they respectively became due, in consideration of being permitted to retain the amounts in his bands, it would have been- neither usurious nor illegal.
The proper mode, therefore, of ascertaining thj| amount of usurious interest included in the ■fjll’/rT note,-, is this. Calculate interest at the rate of three per centum per annum, from the 14th of January, 1817, on each of. the.first five notes, until the period at which it became due;-from, that time, calculate interest on the principal, at six per. centum per annum, until the 1st of January, 1823.’. On the sixth note, calculate 'interest at three per centum, per annum, from its date, until 1st of January, 1823'; which was thirteen days before it would have been due; but the différence is too unimportant to be regarded. On the seventh note, the interest should, be-calculated in the same way. But as the 1st of January, 1823, was a year and thirteen days before that would have been due; and as the note for $1175, bears interest from that time, at six per cent, whereas, the seventh note, would, until it was due, have carried an interest of three per cent, only, there should be a deduction from the interest on it, fair *428 that time, to-wit: for one year and thirteen days, ar three per cent, on .§108. The interest on the notes, calculated as above directed, should be added to the §750, and the aggregate amount taken from §1175, will show the amount of usurious interest included in the note.
T.. CríUenden,- Cor plaintiffs; Dcnm/i for defendant.
The decree of the circuit court must be reversed,, and the cause remanded to that court, that a decree may be entered in accordance with this opinion.